## IN EQUITY.

### WILLIAM B. DAVIS, Executor, &c. vs. ENOCH I. BRIGGS et al.

#### TAXATION OF COSTS.

Costs of opposing a motion for an injunction will not be allowed to a Defendant, where the injunction was necessary to stay his proceedings on a statute foreclosure, commenced after a chancery foreclosure in which the Defendant was made a party as prior mortgagee, although the Plaintiff's bill in the chancery suit was subsequently dismissed, with costs to Defendants.

County Judges are not authorized to tax costs in suits and proceedings in equity over which the Supreme Court has exclusive jurisdiction.

*December Special Term,* 1847. *Dutchess County.—Motion for re-taxation of costs.*—This suit was commenced in the Court of Chancery, and at the last special term, on a regular hearing, the bill was dismissed with costs to the Defendants. Adriance, one of the Defendants, held a mortgage prior to that of Plaintiff, which he commenced foreclosing by advertisement, under the statute, during the pendency of the Chancery suit. The Plaintiff applied to this court for an injunction to restrain him from proceeding on his statute foreclosure, which was granted. (3 Howard, 65.) On the taxation of the costs, under the final decree, by the county

judge, he allowed the costs of Adriance on opposing the motion for an injunction. From this taxation the Plaintiff appealed.

WM. J. STREET, *for Plff.*

E. Q. ELDRIDGE, *for Deft Adriance.*

BARCULO, Justice.—The taxation is erroneous. The motion for an injunction became necessary by reason of the Defendants' irregular proceedings. The Plaintiff was successful on that motion. He ought not, therefore, to be compelled to pay the costs which the defendants incurred in endeavoring to sustain those proceedings.

There is another fatal objection to the taxation. This cause was pending in the Court of Chancery prior to July last, and consequently became transferred to this court by the new constitution. The County Court, therefore, had no jurisdiction over the cause, and the county judge no authority to tax the costs.

I concur fully with those of my brethren who hold that county judges are clothed with the power of performing certain duties of a justice of this court at chambers. This power is given to those officers by the new Judiciary Act, if it is possible for legislative enactment to do so. That act gives them all the powers possessed by the former judges of the County Courts consistent with the new system. Under the old system, those county judges who were of the degree of counsellor at law in the Supreme Court were declared to be *Supreme Court commissioners*, and authorized to perform all the duties pertaining to that office. Those duties include that of taxing costs in suits at law, which the county judge, therefore, has now the power to do; but neither the old judges of county courts, nor Supreme Court commissioners were ever authorized to tax costs *in Chancery. Hence it follows that county judges are not now authorized to tax costs in suits and proceedings in equity over which this court has exclusive jurisdiction.*

Whether those officers have power to tax costs in those equity suits and proceedings over which the Legislature has attempted to give the county courts jurisdiction, by the 31st section, is a question not now necessary to be decided.

In this case the bill of costs must be re-taxed, and the items in relation to the motion aforesaid stricken out.